# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>v.<br><br>HEBER MARTIN SILVAS-<br>RODRIGUEZ,<br><br>                    Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>**Case No. 2:12CR751DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Defendant's Motion for Clarification and/or Request for Recommendation to the Bureau of Prisons. Defendant raises issues regarding credit for time served in a Nevada state facility. Under federal law, 18 U.S.C. § 3582, the court loses jurisdiction of a criminal case at sentencing and can modify a sentence only in specific ways allowed by Congress. There is no authority that would allow the court to determine credit issues. After a defendant is sentenced, it falls to the Bureau of Prisons, not the district judge, to determine when a sentence is deemed to "commence," *see* 18 U.S.C. § 3585(a), whether the defendant should receive credit for time spent in custody, *see id.* § 3585(b), and whether the defendant should be awarded credit for "good time," *see id.* § 3624(b). *See United States v. Wilson*, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992) (stating that BOP determines credit issues, not the district courts). Therefore, following sentencing, jurisdiction is turned over to the BOP. Because the court has no jurisdiction over Defendant's case, Defendant's motion

for clarification is DENIED.

DATED this 6th day of September, 2017.

BY THE COURT:

_____

DALE A. KIMBALL
United States District Judge